UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

DARRYL NICKS,

                                       Plaintiff,

-against-

THE CITY OF NEW YORK; COMMISSIONER
MARTIN F. HORN; WARDEN JOHN DOE #1; DEPUTY
WARDEN JOHN DOE #2; SUPERVISOR
CORRECTIONS OFFICER JOHN DOES # 1-2; and
CORRECTIONS OFFICER JOHN DOES # 1-5; the
individual defendants sued individually and in their official
capacities,

                                       Defendants.

------------------------------------------------------------------- X

**ANSWER**

07 CV 10596 (WHP)(THK)

ECF Case

<u>Jury Trial Demanded</u>

        Defendants City of New York ("City") and Martin F. Horn, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein

        4.     Deny the allegations set forth in paragraph "4" of the Complaint.

        5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that defendant Horn is the Commissioner of the New York City Department of Correction.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except deny that plaintiff's rights were violated.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except deny that plaintiff's rights were violated.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except deny that plaintiff's rights were violated.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except deny that plaintiff's rights were violated.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint except admit that plaintiff purports to sue these individuals as stated therein.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Admit the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff was admitted to the Otis Bantum Correctional Center on November 22, 2006.

17. Deny the factual allegations set forth in paragraph "17" of the Complaint. and, to the extent that the factual allegations contain legal conclusions, defendants respectfully refer all questions of law to the Court.

18. Paragraph "18" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, no response is required. To the extent the Court requires a response, defendants deny the factual allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Paragraph "20" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, no response is required.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. The actions of all relevant employees of the City of New York, including the unnamed officers, were justified by reasonable suspicion and probable cause.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

59. Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

61. Venue does not properly lie in this district.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

62. To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

**WHEREFORE,** defendants City and Horn request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               February 19, 2008

                             MICHAEL A. CARDOZO
                             Corporation Counsel of the
                               City of New York
                             Attorney for Defendants City of New York and Horn
                             100 Church Street
                             New York, New York 10007
                             (212) 788-0971

                          By: _____
                               Karl J. Ashanti (KA 4547)
                               Assistant Corporation Counsel
                               Special Federal Litigation Division

To:
    Michael O. Hueston, Esq.
    Attorney for Plaintiff
    350 Fifth Avenue, Suite 4810
    New York, New York 10118
    (212) 643-2900
    (BY ECF AND MAIL)

## <u>DECLARATION OF SERVICE BY FIRST-CLASS MAIL</u>

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **February 19, 2008**, I served the annexed **Answer** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

>Michael O. Hueston, Esq.
>Attorney for Plaintiff
>350 Fifth Avenue, Suite 4810
>New York, New York 10118

Dated: New York, New York
       February 19, 2008

_____
Karl J. Ashanti
Assistant Corporation Counsel

Index No. 07 CV 10596 (WHP)(THK)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRYL NICKS,

Plaintiff,

-against-

THE CITY OF NEW YORK; COMMISSIONER MARTIN F. HORN; WARDEN JOHN DOE #1; DEPUTY WARDEN JOHN DOE #2; SUPERVISOR CORRECTIONS OFFICER JOHN DOES # 1-2; and CORRECTIONS OFFICER JOHN DOES # 1-5; the individual defendants sued individually and in their official capacities,

Defendants.

---

## ANSWER

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti*
*Tel: (212) 227-0414*
*NYCLIS No. 2007-038713*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................., 200......*

*................................................................................ Esq.*

*Attorney for ......................................................................*