UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DARRYL NICKS,

                                  Plaintiff,

               -against-

THE CITY OF NEW YORK; COMMISSIONER MARTIN F. HORN; C.O. MCGREGOR; C.O. CALDERON; C.O. RAINEY; C.O. GREENE; C.O. BARTHOLOMEW; C.O. CAMPBELL; C.O. MENEFEE; C.O. BURIE; C.O. JOHN DOE; C.O. REYES; the individual defendants sued individually and in their official capacities,

                                  Defendants.

------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

07-cv-10596 (WHP) (THK)

ECF Case

Jury Trial Demanded

**PRELIMINARY STATEMENT**

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about November 22, 2006. During the incident the City of New York and members of the City of New York Department of Corrections ("DOC") subjected plaintiff to, among other things, personal injuries, an unlawful search and seizure, unlawful strip search, intentional and negligent infliction of emotional distress, harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Queens County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5. Plaintiff Darryl Nicks is a citizen of the state of New York, county of Kings.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Martin F. Horn is the Commissioner of the DOC who violated plaintiff's rights as described herein.

8. Defendant C.O. McGregor is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

9. Defendant C.O. Calderon is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

10. Defendant C.O. Rainey is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

11. Defendant C.O. Greene is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

12. Defendant C.O. Bartholomew is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

13. Defendant C.O. Campbell is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

14. Defendant C.O. Menefee is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

15. Defendant C.O. Burie is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

16.  Defendant C.O. John Doe is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

17.  Defendant C.O. Reyes is a New York City Corrections Officer employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

18.  The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

19.  The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

20.  On November 22, 2006 in the vicinity of a holding cell at Riker's Island, East Elmhurst, New York, at approximately 11:00 a.m., the defendant corrections officers, including C.O. McGregor, C.O. Calderon, C.O. Rainey, C.O. Greene, C.O. Bartholomew, C.O. Campbell, C.O. Menefee, C.O. Burie, C.O. John Doe, and C.O. Reyes committed the following illegal acts upon plaintiff.

21.  On November 22, 2006, at approximately 11:00 a.m., while plaintiff was at Riker's Detention Center, located in East Elmhurst, New York, corrections officers, including the defendant officers illegally strip searched the defendant.

22.  While plaintiff was at Riker's Island, he was subjected to the DOC's unlawful policy of strip-searching in public regardless of reasonable suspicion or probable cause.

Plaintiff was forced to squat and expose his private areas in front of numerous non-essential DOC employees and other detainees without justification, cause or reason.

23. The fact that the strip search of Mr. Nicks was carried out in a non-private manner is sufficient in and of itself to violate the Constitution. It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner. A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

24. No illegal items, narcotics, or contraband were recovered from plaintiff during the above-described strip search.

25. The individual defendants acted in concert committing these illegal acts against plaintiff.

26. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

27. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

28. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

29. The aforesaid events were not an isolated incident. Defendant Commissioner Martin F. Horn has been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the DOC's officers are insufficiently trained on the proper way to strip search detainees. Commissioner Martin F. Horn

is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Martin F. Horn has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

30. Moreover, Commissioner Horn was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as corrections officers. Despite such notice, Commissioner Horn has retained these officers, and failed to adequately train and supervise them.

31. As a result of defendants' actions plaintiff experienced personal injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

### FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

32. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

33. The conduct of defendant officers, as described herein, amounted to an unlawful search and seizure, unlawful strip search, intentional and negligent infliction of emotional distress, harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

34. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing an unlawful search and seizure, unlawful strip search, intentional and negligent infliction of emotional distress, harassment, gross negligence, negligent hiring and retention of

incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

35. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

36. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

37. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT HORN**

38. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39. Defendant Commissioner Martin F. Horn is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

40. Upon information and belief, defendant Horn was aware from notices of claim, lawsuits, complaints, and the DOC's own observations that the officers sued in the present case were unfit to be corrections officers, and that it was highly likely that they would commit the acts alleged in the present case.

41. Nevertheless, defendant Horn exercised deliberate indifference by failing to take remedial action.

42. The aforesaid conduct by defendant Horn violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred and/or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in a manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

43. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

44. The aforesaid conduct of defendant Horn amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

**FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

45. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46. The City of New York directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the DOC's own observations, that the officers involved in the present case were unfit to be corrections officers, and that it was highly likely that they would commit the acts alleged in the present case.

48. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

49. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

51. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   New York, New York
         May 1, 2007

>                    MICHAEL HUESTON, ESQ. (MH 0931)
>                    *Attorney for Plaintiff*
>                    350 Fifth Avenue, Suite 4810
>                    New York, New York 10118
>                    (212) 643-2900
>                    mhueston@nyc.rr.com
>                    By:
>
>
>                    /s/ Michael P. Kushner
>                    MICHAEL P. KUSHNER (MK-6117)
>                    *Attorney for Plaintiff*
>                    350 Fifth Avenue, Suite 4810
>                    New York, New York 10118
>                    (212) 378-4326
>                    mkushner@blanch-law.com